# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | _____ |
| VARAHI HOTEL, LLC, and Jane Doe 1, | ) ) ) | |
| Defendants. | ) ) | |

## ATAIN SPECIALTY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Atain Specialty Insurance Company ("Atain") hereby files its Complaint for Declaratory Judgment against Varahi Hotel, LLC and Jane Doe 1 stating as follows:

### NATURE OF THE ACTION

1. This is an insurance coverage action in which Atain seeks declaratory judgment under 28 U.S.C. § 2201 that it does not have an obligation to defend and/or indemnify Varahi Hotel, LLC for any liability arising out of a lawsuit filed by Jane Doe 1 alleging sex trafficking and forced labor occurring at its hotel from

2009 to 2016 (the "Underlying Lawsuit").[1] A true and correct copy of Jane Doe 1's Complaint is attached as Exhibit A[2].

## THE PARTIES & JURISDICTION

2. Atain is a Michigan corporation with its principal place of business in Farmington Hills, Michigan. Atain is a citizen of Michigan.

3. Varahi Hotel, LLC ("Varahi") is a Georgia limited liability company with a principal office address of 2200 Corporate Plaza, Smyrna, Georgia, 30080. Varahi may be served through its registered agent, Bharat Patel, at 2200 Corporate Plaza, Smyrna, Georgia, 30080. All of Varahi's members are residents and citizens of the state of Georgia.

3. Jane Doe 1 is the Plaintiff in the Underlying Lawsuit proceeding pseudonymously and is a citizen of the State of Georgia.

4. This Court has personal jurisdiction over the Defendants by virtue of their sufficient minimum contacts with the forum.

---

[1] The Underlying Lawsuit is styled as *Jane Doe 1 v. Red Roof Inns, Inc.; Varahi Hotel, LLC; FMW RRI NC, LLC; Westmont Hospitality Group, Inc.; WHG SU Atlanta LP; Sub-SU Hotel GP, LLC; Choice Hotels International, Inc.; LQ Properties, LLC, CPLG Properties, LLC; BRE/LQ Properties, LLC; La Quinta Worldwide, LLC; Extended Stay America, Inc.; ESA Management, LLC; ESA P Portfolio, LLC; ESA P Portfolio Operating Lessee, LLC; John Does 1-10*, Case 1:19-cv-03840-WMR, in the United States District Court for the Northern District of Georgia, Atlanta Division.

[2] The Complaint is attached as Exhibit A without the original accompanying exhibits due to size.

5. Complete diversity of citizenship exists because Atain is a Michigan citizen and Varahi's members and Jane Doe 1 are Georgia citizens.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia, including the Underlying Lawsuit, and, the Defendants are subject to the Court's personal jurisdiction in the Northern District of Georgia.

8. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atain's obligations owed to Varahi with respect to the Underlying Lawsuit under Atain's Policy issued to Global Management & Investment Corporation ("Global Management"). Varahi has sought coverage under Global Management's Policy. Atain is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify Varahi. Jane Doe 1 was named as a defendant to ensure Atain complete relief. An

actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## ATAIN'S INSURANCE POLICY

9. Atain incorporates by reference the allegations contained in Paragraphs 1 through 8, as if more fully set forth herein at length.

10. Atain issued Commercial General Liability Policy No. CIP250491 to Global Management for the policy period April 1, 2015 to December 6, 2015 providing certain coverage subject to the Policy's terms, conditions, and exclusions (the "Policy"). The Policy provides a $1 million dollar per occurrence limit. A true and correct copy of the Policy is attached as Exhibit B.

11. The Policy's Declarations page names Global Management as the only Named Insured on the Policy. Ex. B, Policy, UNLPF-D-1 (11-04). The Policy's Additional Insured Endorsement names "ALL PERSONS OR ORGANIZATIONS AS REQUIRED BY WRITTEN CONTRACT WITH THE INSURED" as additional insureds. Ex. B, Policy, AF 000 859 (07/2012). No written contract or agreement exists between Global Management and Varahi.

12. The Policy's insuring agreement states:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or property damage" is caused by an "occurrence" that takes place in the coverage territory";
      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew

5

> that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Ex. "B", Policy, CG 00 01 04 13, p. 1 of 16.

13. The Policy defines "occurrence" as follows:

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Ex. "B", Policy, CG 00 01 04 13, p. 15 of 16.

14. Additionally, the Policy's Physical-Sexual Abuse Exclusion provides:

> **VII. PHYSICAL-SEXUAL ABUSE EXCLUSION**
>
> This insurance does not apply to any "occurrence," suit, liability claim, demand or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by:
>
> a. The insured or the insured's employees;
> b. Patrons of the insured's business;
> c. Agents of the insured;
> d. "Volunteer workers;"
> e. Subcontractor or employee of any subcontractor;
> f. "Independent contractor" or employee of any "independent contractor;" or

6

      g.    "Leased worker."

For the purposes of this endorsement:

1. ***"Independent contractor" means*** one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or preforming the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any employees of the insured, agents, representatives, volunteers, spouses, family members or the insured or ***any Additional Insureds added to this policy.***

Ex. "B", Policy, AF000899 03-14 (emphasis supplied).

15. The Policy's Medical Payments coverage form further provides:

   **2.  Exclusions**

   We will not pay expenses for "bodily injury";
   \* \* \*
   **c.  Injury On Normally Occupied Premises**
   To a person injured on that part of premises you own or rent that the person normally occupies.

Ex. B, Policy, CG 00 01 04 13, p. 8 of 16.

16. The Policy also contains an Expected or Intended Injury Exclusion which provides:

   **2.  Exclusions**

   This insurance does not apply to:

7

      **a.**    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Ex. B, Policy, CG 00 01 04 13, p. 2 of 16.

17. The Policy's coverage for Personal and Advertising Injury contains the following relevant exclusions:

    **2.**    **Exclusions**

        This insurance does not apply to:

        **a.**    **Knowing Violation Of Rights Of Another**

            "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

            \* \* \*

        **d.**    **Criminal Acts**
            "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured."

Ex. B, Policy, CG 00 01 04 13, p. 6 of 16.

18. The Policy defines "personal and advertising injury" as follows:

    **14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

        **a.**    False arrest, detention or imprisonment;

8

Ex. B, Policy, CG 00 01 04 13, p. 15 of 16.

19. Finally, the Policy's Known Injury or Damage Exclusion Personal and Advertising Injury states:

> **Known Injury Or Damage**
>
> This insurance does not apply to "personal and advertising injury" arising from an offense:
>
> **a.** That occurs during the policy period and, prior to the policy period, an insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, knew that the "personal and advertising injury" had occurred prior to the policy period, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "personal and advertising injury" occurred, then any continuation, change or resumption of such offense during or after the policy period will be deemed to have been known prior to the policy period; or
>
> **b.** That occurs during the policy period and was, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, includes continuation, change or resumption of that "personal and advertising injury" after the end of the policy period.
>
> A personal and advertising injury arising from an offense will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim:

9

    **(1)**    Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

    **(2)**    Receives a written of verbal demand or claim for damages because of the "personal and advertising injury"; or

    **(3)**    ***Becomes aware by an other means that "personal and advertising injury" has occurred or has begun to occur***.

Ex. B, Policy, AF 000 873 (07/2012) (emphasis supplied).

### **THE INCIDENT AND UNDERLYING LAWSUITS**

20. Atain incorporates by reference the allegations contained in Paragraphs 1 through 19, as if more fully set forth herein at length.

21. Jane Doe 1 filed the Underlying Lawsuit against Varahi and numerous other defendants on August 26, 2019. Ex. A, Complaint ¶¶ 21-44.

22. In the Underlying Lawsuit, Jane Doe 1 contends that various hotel managers and owners, including Varahi, were involved in and/or benefited from sex-trafficking at their hotels (the "Incident"). *Id*. at ¶¶ 19-20.

23. On November 21, 2019, Jane Doe 1 filed an Amended Complaint which names new party Defendants and includes new negligence claims against the Defendants (the "Amended Complaint"). A true and correct copy of the Amended Complaint as Exhibit C.

24. The Amended Complaint implicates Bharatkumar R. Patel (identified as "Bob P") in his personal capacity as Varahi's manager. *Id*. at ¶¶ 106-127.

25. Specifically, the Amended Complaint alleges that "Bob P" self-identified as general manager at Red Roof Inn Atlanta – Smyrna/Ballpark. *Id*. at ¶ 132.

26. "Bob P" is alleged to have read and responded to numerous online reviews of the Red Roof Inn that complained about prostitution at the hotel. *Id*. at ¶¶ 132-135.

27. Jane Doe 1 therefore alleges that Varahi "knew or should have known about the online reviews and police incidents regarding rampant prostitution and related crime at the hotel." *Id*. at ¶ 135.

28. Based on these allegations, Jane Doe 1 asserts claims for a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), the Georgia Racketeer Influenced and Corrupt Practices Act ("RICO"), negligence, and joint and several liability against several defendants, including Varahi. *Id*. at ¶¶ 327-799.

## THE RESERVATION OF RIGHTS

29. Based on the allegations in the Underlying Lawsuit, Atain doubted that coverage was available under the Policy for the Underlying Lawsuit.

30. First, Varahi is not entitled to coverage because it is not a Named Insured nor Additional Insured under the Policy.

31. Next, as the Incident alleges and seeks damages against Varahi arising out of numerous physical and sexual abuse, the Physical-Sexual Abuse exclusion and Criminal Acts exclusions bar coverage for the Underlying Lawsuit.

32. Moreover, Jane Doe 1's Amended Complaint also alleges that Varahi's manager knew that she was being trafficked prior to Atain's Policy being effective. Thus, Atain avers that the claims made in the Underlying Lawsuit do not fall within the Policy's insuring agreement (no "occurrence"), and/or the claims are barred by the Policy's Known Injury or Damage and/or intentional acts exclusions.

33. Notwithstanding Atain's coverage position, Atain agreed to defend Varahi under a Reservation of Rights a letter dated December 13, 2019. A true and correct copy of the December 13, 2019 letter is attached as Exhibit D.

34. The Reservation of Rights letter expressly reserved the right to bring a declaratory judgment action to determine Atain's coverage obligations, and the right to seek reimbursement for the payment of expenses. Ex. D, Reservation of Rights, pp. 2, 10.

35. Atain now seeks a declaration concerning its obligations to defend Varahi and indemnify Varahi for the allegations in the Underlying Lawsuits.

## COUNT I – DECLARATORY RELIEF
## <u>(NO DUTY TO DEFEND OR INDEMNIFY)</u>

36. Atain incorporates by reference the allegations contained in Paragraphs 1 through 35, as if more fully set forth herein at length.

37. First, the Policy's Declarations page names Global Management as the only Named Insured on the Policy. However, no written contract or agreement exists between Global Management and Varahi. Therefore, Varahi is neither a Named Insured nor an Additional Insured on the Policy.

38. Second, even if Varahi was an insured under the Policy, which it is not, the Policy's Physical-Sexual Abuse Exclusion unambiguously excludes coverage for any occurrence, suit, liability claim, demand, or causes of action arising out of or resulting from the physical abuse, sexual abuse or licentious, immoral or sexual behavior.

39. Third, the Policy's Injury on Normally Occupied Premises explicitly excludes coverage for bodily injury to a person injured on any part of premises owned or rented by an insured.

40. Fourth, the Policy only provides coverage for "bodily injury" cased by an "occurrence", and excludes coverage for any expected or intended from the standpoint of the insured.

13

41. Fifth, the Policy's Knowing Violation of Rights of Another expressly bars coverage for injury caused with the knowledge that the act would violate the rights of another and would inflict personal injury.

42. Sixth, the Policy's Criminal Acts exclusion removes coverage for personal injury arising out of a criminal act committed by or at the direction of any insured.

43. Finally, the Policy's Known Injury or Damage Exclusion excludes coverage for bodily injury that the insured becomes aware has occurred or has begun to occur prior to the Policy's effective date.

44. Atain therefore asks this Court to declare that it has no obligation to defend and/or indemnify Varahi for the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

45. WHEREFORE, Atain hereby respectfully requests this Court enter a judgment in its favor and against the Defendant:

   a) Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as Varahi is neither a Named Insured nor an Additional Insured;

   b) Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as

    the Policy's Physical-Sexual Abuse Exclusion bars coverage;

c)  Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as the Policy's Injury on Normally Occupied Premises Exclusion bars coverage;

d)  Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as the allegations made against Varahi are not an "occurrence" and/or are barred by the Policy's Expected or Intended Injury Exclusion;

e)  Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as the Policy's Knowing Violation of Rights of Another Exclusion bars coverage;

f)  Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as the Policy's Criminal Acts Exclusion bars coverage;

g)  Declaring Atain has no obligation to defend and/or indemnify Varahi for any liability arising out of the claims or allegations raised in the Underlying Lawsuit as the Policy's Known Injury or Damage Exclusion bars coverage;

h)  Awarding Atain the costs it incurred in defending Varahi in the Underlying Lawsuit, even though it had no duty to defend;

    i)    Awarding Atain the costs incurred in bringing this declaratory judgment action; and

    j)    Atain respectfully requests such further relief as this Court may deem appropriate.

Dated this 13th day of April 2020.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, Georgia 30309<br>Telephone: 470-552-1152<br>Fax: 470-552-1151<br>rzelonka@wshblaw.com<br>slytle@wshblaw.com | */s/ Richard E. Zelonka, Jr.*<br>Richard E. Zelonka, Jr.<br>Georgia Bar No. 142152<br>*Counsel for Plaintiff*<br>*Atain Specialty Insurance Company* |